# EXHIBIT "A"

----------------------------------------------------------------X
IN RE: MID-AIR COLLISION NEAR KETCHIKAN,
ALASKA ON MAY 13, 2019

CLAIMS OF:

KIM CASTRO; KEVIN ECKELKAMP; ELIZABETH
ECKELKAMP; STACIE HORTON; MARY JO JAMES;
CLIFTON SELIGA; BRENDA SELIGA; DANIEL SNYDER;
VANKA SNYDER; and CASSANDRA WEBB (represented
by CYNTHIA COLER as Administrator of the Estate of
CASSANDRA J. WEBB, Deceased, and CALEB J. WEBB
and DUSTIN M WEBB, the sole surviving heirs of
CASSANDRA J. WEBB, Deceased)
----------------------------------------------------------------X

## STIPULATION EXTENDING STATUTE OF LIMITATIONS

**WHEREAS**, Claimants KIM CASTRO; KEVIN ECKELKAMP; ELIZABETH ECKELKAMP; STACIE HORTON; MARY JO JAMES; CLIFTON SELIGA; BRENDA SELIGA; DANIEL SNYDER; VANKA SNYDER; and CASSANDRA WEBB (represented by CYNTHIA COLER as Administrator of the Estate of CASSANDRA J. WEBB, Deceased, and CALEB J. WEBB and DUSTIN M WEBB, represented to be the sole surviving heirs of CASSANDRA J. WEBB, Deceased), (all Claimants collectively referred to as the "CLAIMANTS"), each of whom allege they suffered personal injuries and/or were killed as the result of a mid-air collision that occurred on May 13, 2019 near Ketchikan, Alaska (as more fully described below), and Princess Cruise Lines, Ltd., its affiliated and/or parent entities ("PRINCESS"), and Venture Travel, LLC d/b/a Taquan Air ("TAQUAN"), hereby enter into certain agreements concerning CLAIMANTS' potential claims against PRINCESS and/or TAQUAN arising from the above captioned matter;

**WHEREAS,** on May 13, 2019, the CLAIMANTS were all passengers of the *Royal Princess,* a cruise ship owned and/or operated by PRINCESS;

***WHEREAS,*** prior to embarking on the aforementioned cruise each CLAIMANT was purportedly bound by a specific passage contract, namely, the Princess Cruise Lines, Ltd., Passage Contract (the "Passage Contract") which sets forth certain rights, duties and obligations including requiring, amongst other things, that notwithstanding applicable law, any lawsuit brought against PRINCESS and/or TAQUAN (to the extent the Passage Contract applies to TAQUAN) as a result of an injury or death suffered by any cruise ship passenger must be filed within one year of the date of injury or death and service of the Complaint must be made within 90 days after the filing of the lawsuit;

***WHEREAS,*** on May 13, 2019, each of the CLAIMANTS participated in the Misty Fjords Wilderness Cruise and Flight Tour (the "Misty Fjords Tour") which consisted of a boat ride from the Ketchikan Harbor Seaplane Base located in Ketchikan, Alaska to the Misty Fjords National Monument, and a return trip to the Ketchikan Harbor Seaplane Base which was to be conducted by aircraft;

***WHEREAS,*** at all times relevant herein, each CLAIMANT was a passenger (or is represented by the Estate of a passenger) on board a certain De Havilland DHC-3 "Turbine Otter" model aircraft, bearing Federal Aviation Registration Number N959PA which was operated by TAQUAN (the "Taquan Otter aircraft") for the return trip from the Misty Fjords National Monument to the Ketchikan Harbor Seaplane Base;

***WHEREAS,*** during the return to the Ketchikan Harbor Seaplane Base by aircraft the Taquan Otter aircraft was involved in a mid-air collision over the waters of the George Inlet;

***WHEREAS,*** the mid-air collision took place at an approximate altitude of 3,300 feet and as a result thereof, the Taquan Otter aircraft crashed into the waters of the George Inlet (the "mid-air collision");

*WHEREAS,* as a result of the mid-air collision and crash of the Taquan Otter aircraft into the waters of the George Inlet, one CLAIMANT was killed, and the other CLAIMANTS allege they suffered personal injuries and property damage;

*WHEREAS,* CLAIMANTS allege that PRINCESS and/or TAQUAN are responsible, in whole or in part, for their injuries and/or death, and PRINCESS and TAQUAN deny that they are at fault and deny liability to CLAIMANTS; and

*WHEREAS,* the parties to this Stipulation desire additional time to mediate and/or otherwise possibly amicably resolve any potential claims arising out of the mid-air collision that CLAIMANTS may have against PRINCESS and/or TAQUAN and potentially avoid the expense and time of litigation;

*NOW THEREFORE IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED* by and between the undersigned that the Passage Contract between PRINCESS and the CLAIMANTS, is hereby amended, to extend the suit limitation period for claims arising out of the mid-air collision from May 13, 2020 to November 13, 2020 such that any lawsuit brought by or on behalf of CLAIMANTS against PRINCESS and/or TAQUAN (to the extent that the Passage Contract applies to TAQUAN) must be filed on or before November 13, 2020, and service of the Complaint must be made within 90 days after filing the lawsuit, or any such suit against PRINCESS is forever barred and any such suit against TAQUAN is forever barred (to the extent the Passage Contract applies to TAQUAN);

*IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED* by and between the undersigned that the undersigned counsel for TAQUAN, and counsel for PRINCESS, are authorized to, and hereby agree to, accept service of process of the Summons and Complaint on TAQUAN and PRINCESS, respectively, for all lawsuits brought by the CLAIMANTS. It is agreed

that such service of process shall be made via email with attachments (and confirmed receipt) and sent via regular U.S. mail, to the undersigned counsel for PRINCESS and TAQUAN.

**IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED** by and between the undersigned that in the event CLAIMANTS file litigation on or before November 13, 2020 such lawsuit shall be deemed timely filed, and PRINCESS and/or TAQUAN (to the extent the Passage Contract applies to TAQUAN) shall not assert any suit limitation defense under the Passage Contract and/or any statute of limitations defense provided service of the Complaint is made within 90 days after filing the lawsuit in accordance with this Stipulation;

**IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED** by and between the undersigned that, in further consideration of the parties' mutual interest in attempting to resolve these claims, CLAIMANTS agree to not initiate any lawsuit against PRINCESS and/or TAQUAN before September 1, 2020;

**IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED** by and between the undersigned that the only defenses waived by this Stipulation are the suit limitation clause under the Passage Contract as contained in the Passage Contract prior to amendment by this Stipulation, and/or any applicable one-year statute of limitations, and that this waiver is limited to and by the terms of this Stipulation. All other claims and defenses (other than a defense based on the suit limitation clause contained in the Passage Contract and/or the statute of limitation defense contained within the Passage Contract, and/or any other one-year statute of limitation period), are specifically preserved and not waived;

**IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED** by and between the undersigned that this Stipulation shall not be admissible for any purpose other than to assert a defense based on the suit limitation requirement created by this Stipulation or to rebut a defense

based on the suit limitation clause as contained in the Passage Contract and as modified by this Stipulation, or a defense based upon any other statute of limitations. This Stipulation shall not be offered or received in evidence in any action or proceeding for any other purpose and shall not be proffered as an admission of liability or wrongdoing by any party or as an admission of any other law or fact;

*IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED* by and between the undersigned that the within Stipulation may only be changed by an agreement in writing signed by the undersigned and/or their successors;

*IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED* by and between the undersigned that each signatory to this Stipulation has the requisite authority to execute this Stipulation and further that the undersigned has the authority to bind, and by this Stipulation do bind their respective clients as well as any and all liability insurers as evidenced by their signatures to this Stipulation; and

*IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED* by and between the undersigned that this Stipulation may be executed in several counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument, and this Stipulation shall become effective when counterparts have been executed by each of the undersigned, it being specifically understood that all parties need not sign the same counterparts.

Dated: April 28, 2020

Douglas A. Latto, Esq.
Speiser Krause, P.C.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
*Counsel for Kevin Eckelkamp*

Robert F. Hedrick, Esq.
Aviation Law Group, PS
1420 Fifth Avenue, Suite 3300
Seattle, Washington 98101
*Counsel for Clifton Seliga, Brenda Seliga*

5

*Elizabeth Eckelkamp, Daniel Snyder and Vanka Snyder*

_____
Mav Mirfasihi, Esq.
Mirfasihi Law Office
327 Armour Road
North Kansas City, Missouri 64116
*Counsel for Mary Jo Jones*

_____
Robert L. Richmond, Esq.
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501
*Counsel for Taquan*

_____
STARR Companies
By:
Insurer for *Taquan and Princess*
Policy Number: SASICOM60051219-07

*Stacie Horton and Kim Castro*

_____
Clay Robbins, Esq.
Baum Hedlund Aristei Goldman PC
10940 Wilshire Boulevard, 17th Floor
Los Angeles, California 90024
*Counsel for the Estate of Cassandra J. Webb, deceased, and on behalf of Caleb J. Webb and Dustin M. Webb, the Sole Surviving Heirs of the Decedent*

_____
Caryn Geraghty Jorgensen, Esq.
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, Washington 98101
*Counsel for Princess and on behalf of any Insurer for Princess*

*Elizabeth Eckelkamp, Daniel Snyder and Vanka Snyder*

_____
Mav Mirfasihi, Esq.
Mirfasihi Law Office
327 Armour Road
North Kansas City, Missouri 64116
*Counsel for Mary Jo Jones*

_____
Robert L. Richmond, Esq.
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501
*Counsel for Taquan*

*/s/ STARR Companies*
STARR Companies
By:
Insurer for *Taquan and Princess*
Policy Number: SASICOM60051219-07

*Stacie Horton and Kim Castro*

_____
Clay Robbins, Esq.
Baum Hedlund Aristei Goldman PC
10940 Wilshire Boulevard, 17th Floor
Los Angeles, California 90024
*Counsel for the Estate of Cassandra J. Webb, deceased, and on behalf of Caleb J. Webb and Dustin M. Webb, the Sole Surviving Heirs of the Decedent*

*/s/ Caryn*
Caryn Geraghty Jorgensen, Esq.
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, Washington 98101
*Counsel for Princess and on behalf of any Insurer for Princess*

6